FILED

APR 1 7 2014

KATHERINE M. KEEFE
McHENRY CTY. CIR. CLK.

## IN THE CIRCUIT COURT OF TWENTY-SECOND JUDICIAL CIRCUIT
## MCHENRY COUNTY, STATE OF ILLINOIS

| | |
|---|---|
| Illinois Farmers Insurance Company and Farmers Insurance Exchange, and all subsidiaries and/or related entities of Illinois Farmers Insurance Company and Farmers Insurance Exchange, on behalf of themselves and all other similarly situated persons, a putative Plaintiff Class Action, <br><br> Plaintiffs, <br><br> v. <br><br> County of McHenry, City of Crystal Lake, City of Woodstock, Village of Algonquin, Village of Island Lake, Village of Lake in the Hills, City of McHenry, Village of Fox River Grove, City of Marengo, Village of Huntley, City of Harvard and Village of Cary, <br><br> Defendants. | NO. 2014 L A 116 <br><br> CALENDAR NO. _____ <br><br> HONORABLE _____ <br><br> **PLAINTIFFFS DEMAND TRIAL BY JURY TRIAL AS TO ALL ISSUES SO TRIABLE** |

## ORIGINAL CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs Illinois Farmers Insurance Company and Farmers Insurance Exchange, and all subsidiaries and/or related entities of Illinois Farmers Insurance Company and Farmers Insurance Exchange, on behalf of themselves and all other similarly situated persons, as a putative Plaintiff Class with Subclasses as set forth herein, by and through their attorney Stuart M. Brody, Sneckenberg, Thompson and Brody, state the following averments in the MCHENRY County Circuit Court in support of their Original Class Action Complaint and Demand for Jury Trial against the Defendants County of McHenry,. City of Crystal Lake, City of Woodstock, Village of Algonquin, Village of Island Lake, Village of Lake in the Hills, City of McHenry, Village of Fox River Grove, City of Marengo, Village of Huntley, City of Harvard and Village of Cary.

NOTICE
BY ADMINISTRATIVE ORDER 94-8
THIS CASE IS HEREBY SET FOR SCHEDULING
CONFERENCE IN COURTROOM _204_ ON
_7/7_ 20__ AT _9:00_ AM/PM
FAILURE TO APPEAR MAY RESULT IN THE CASE
BEING DISMISSED OR AN ORDER OF
DEFAULT BEING ENTERED.

FARMERS V. MCHENRY COUNTY-ORIGINAL COMPLAINT

DEFENDANT'S EXHIBIT A

## I. JURISDICTION, VENUE AND PROCEDURAL AVERMENTS

## I.A. USAGES, DEFINITIONS AND INTENDED SCOPE OF CLAIMS

1. These usages, definitions and statements are employed to shorten the length of this Complaint so as to make this Complaint a "short and concise statement" per 735 ILCS 5/2-603.

2. The phrase "At all relevant times" prefaces each averment unless another time or time frame is employed in the averment or is evident from the averment.

3. The phrase "Upon information and belief" is designated by an asterisk (*) at the end of the phrase or sentence in the averment which it modifies.

4. "This Defendant" or "Each Defendant" means each defendant individually and not jointly. Each averment is directed to each Defendant individually, requiring an individual answer. It is not the intent of this pleading to plead a "joint" averment, that is, an averment requiring this Defendant to answer as to another Defendant or the knowledge of another Defendant. Each Defendant is requested to answer these averments only as to its own knowledge. "Joint allegations", "joint counts", "joint knowledge" or joinder of claims is not the intent of this pleading.

5. The following words and phrases have the following meanings.

    5.1. "Occurrence" and/or "Occurrence Date" means the sewer water invasions sustained by its members of the Plaintiffs' Class on April 17 and/or April 18, 2013.

    5.2. "Person" means and includes (a) a natural person and (b) an artificial person such as a corporation, partner, sole proprietorship or other artificial person created by law which is conferred the right to own property. "Person" also includes an insurer of property including an insurer of real property and an insurer of personal property.

5.3. The phrase "its members of the Plaintiffs' Class" or "its Plaintiffs" refers to members of the Plaintiffs' Class whose properties were serviced by this Defendant's stormwater sewers and/or sanitary water sewer(s) within the Defendant's territorial jurisdiction.

5.4. The phase "County of MCHENRY" means the Defendant County of MCHENRY.

5.5. The phrase "MCHENRY County" means the jurisdictional territory of the County of MCHENRY.

5.6. The phrase "sewer water invasion" means a stormwater and/or sanitary sewer water intrusion onto and/or into a Member of the Plaintiff Class' home, building, business or other real and/or personal property.

5.7. The phrase "storm-water sewer system" means a system of stormwater structures including but not limited to (a) structures for receiving and collecting stormwater including but not limited to man-made structures and/or originally natural structures now used as part of a system of man-made stormwater management such as retention basins, detention basins, and open channels, (b) structures for transporting stormwater including catchbasins, channels, conduits, pipes and sewers and (c) outfall structures which discharge stormwater into river or stream which carriers the stormwaters further downstream beyond the jurisdiction of the local public entity.

5.8. The phrase "sanitary-water sewer system" means (a) structures for receiving and collecting sanitary water or sewage including sanitary sewers and pipes, (b) structures for transporting sanitary water sewers and pipes and (c) outfall structures which empty the sanitary water into a treatment plant and/or another outfall.

6. As to documents referenced herein:

6.1. None of the documents is an "instrument" within the meaning of 735 ILCS 5/2-606.

6.2. None of the documents is an "exhibit" hereto.

6.3. Any such document is too voluminous to attach and its attachment would only burden this record and affect the ability of this pleading to be a "short and concise statement" per 735 ILCS 5/2-603.

6.4. These documents are public records and equally available to each Defendant.

## I.B. PARTIES

7. The proposed Representative Plaintiff Illinois Farmers Insurance Company and Farmers Insurance Exchange, and all subsidiaries and/or related entities of Illinois Farmers Insurance Company and Farmers Insurance Exchange (herein all such entities refered to as "Farmers"), conducted and continues to conduct a continuous and systematic business within Cook County.

7.1. Farmers is the subrogee of its insureds who were property owners within Cook County and who held property policies with Farmers.

7.2. Farmers has dutifully paid claims to its policy-holder Plaintiff Class members and is subrogated to the claims of its policy-holders to the extent of these payments.

8. The Defendant County of MCHENRY was and is a local public entity and did and continues to conduct a continuous and systematic governmental business within MCHENRY County

9. The following Local Public Entity Defendants were and are local public entities and which conducted and continue to conduct a continuous and systematic business within MCHENRY County: City of Crystal Lake, City of Woodstock, Village of Algonquin, Village of Island Lake, Village of Lake in the Hills, City of McHenry, Village of Fox River Grove, City of Marengo, Village of Huntley, City of Harvard and Village of Cary .

10. This case has an amount in controversy that exceeds $75,000 and satisfies the other minimum legal and equitable jurisdictional amounts of the Circuit Court for MCHENRY County.

11. MCHENRY County Circuit Court and MCHENRY County is the proper venue for all these claims because (a) these claims arose out of occurrences occurring in within MCHENRY County, (b) each defendant does business in MCHENRY County, (c) the Plaintiff Farmers conducted and continues to conduct business within the MCHENRY County and (d) members of the Plaintiffs' Class all owned properties within MCHENRY County.

## I.C. CLASS ACTION AVERMENTS

12. The proposed Plaintiff Representative Farmers conducts business within MCHENRY County including insuring real properties such as homes, other residential buildings and structures, and commercial buildings and structures (herein "real properties") within each watershed and/or subwatershed and within each Named Defendant Municipality and continues to insure real properties within said geographic region.

13. The proposed Representative Plaintiff Farmers brings this proposed class action pursuant to 735 ILCS 5/2-801 on behalf of itself and on behalf of all other property insurance companies, insureds of these property insurance companies and property owners within each of the Defendant Local Public Entity's jurisdictional territories that sustained property and other economic losses arising from a stormwater sewer invasion and/or a sanitary water sewer intrusion which occurred **on or about April 17, 2013 and/or April 18, 2013** proximately caused by one or more Defendant Local Public Entity's tortious conduct.

14. The proposed Global Class exceeds 100 claims and/or claimants and the Watershed Subclasses exceed 50 affected claims and/or claimants within each watershed.

15. As detailed herein relating to the issues of fact and law, the Global Class and the Watershed Subclasses present common questions of fact and law common to its members of the class and

---

subclasses which predominate over questions affecting only individual members as required by 735 ILCS 5/2-801(2). Specifically, the common, central and fundamental issue in this action is whether the Defendants have failed to safely operate retention basins, detention basins, tributary enclosed sewers and tributary open sewers/drains for the purpose of safely conveying stormwater within the Defendants' territorial jurisdictions.

16. The County-Wide Class and the Watershed Subclass will be fairly and adequately represented the Representative Plaintiff and its attorneys as required by 735 ILCS 5/2-801(3).

17. Given the numbers of claims, claimants and/or damages as to each claimant, this proposed Class Action is an appropriate method for the fair and efficient adjudication of this controversy as contemplated by 735 ILCS 5/2-801.

18. The Plaintiff County-wide Class relates to all County-Wide Defendants and is defined as those property insurance companies, insureds of these property insurance companies, and property owners within MCHENRY County territory that sustained property and other economic losses arising from a stormwater and/or sanitary sewer water intrusion which occurred on or about the Occurrence Date arising from one or more County Defendants' ownership, operation and/or control of a stormwater sewer system and/or sanitary water sewer system servicing these members of the Plaintiff Class.

19. Further, the Plaintiffs shall seek certification of subclasses as to each Defendant as follows:

    19.1.1. a subclass based upon the local public entity's jurisdictional geographic territory; and/or

    19.1.2. a subclass, within a local public entity's geographic territory, based upon a specific stormwater sewer system and/or sanitary sewage subsystem.

---

## II. FACTUAL OPERATIVE FACTS

## II.A. OWNERSHIP, OPERATION, AND CONTROL OF SEWERS

20. This Defendant owned, operated and controlled the local stormwater sewer systems within its jurisdiction discharging the stormwater from its local storm sewers into regional storm sewers operated by the County *.

21. The County owned, operated and controlled the regional sanitary sewers into which the other Local Public Entity Defendants' discharged their local sanitary sewer waters *.

22. Each Municipal Defendant, excluding the County, owned, operated and controlled the local sanitary water sewer systems within their jurisdiction discharging the sanitary water from their local sanitary water sewer systems into regional sanitary water sewers owned, operated and controlled by the County *.

23. The County owned, operated and controlled the regional sanitary sewers into which the other Local Public Entity Defendants' discharged their local sanitary sewer waters.

## II.B. KNOWN DETAILED WATERSHED PLANS

24. This Municipal Defendant investigated the stormwater management defects within its stormwater sewer system(s) and/or sanitary water sewer system(s) under its jurisdiction.

25. Prior to the Occurrence, these stormwater management defects in this Defendant's stormwater sewer system(s) and/or sanitary water sewer system(s) caused stormwater sewer invasions and/or sanitary water sewer invasions within the territorial boundaries of each Municipality Defendant.

## II.C. KNOWN DEFECTS

26. Studies by this Defendant disclosed the following dangerous and hazardous defects posed by the dangerous and hazardous defective stormwater sewer systems and sanitary water sewer systems and the dangerous and hazardous stormwater management practices of each Municipal Defendant *:

26.1.    This Defendant failed to provide safe, adequate mitigation storage for stormwater to prevent stormwater invasions onto members of Plaintiff Class' properties *;

26.2.    This Defendant failed to provide safe, adequate stormwater control storage for stormwater including but not limited to raising the banks and discharge culvert elevations for retention basins, detention basins and other stormwater storage structures within the watershed, subwatershed, and/or stormwater sewer system *;

26.3.    This Defendants failed to provide safe, adequate mitigation conveyance for stormwater*;

26.4.    This Defendant failed to provide safe, adequate stormwater control storage for stormwater *;

26.5.    This Defendant failed to provide safe, adequate barriers such as temporary and/or permanent levees to protect Plaintiffs' properties from stormwater *;

26.6.    This Defendant failed to provide safe, adequate barriers such as levees to increase protection from stormwater *;

26.7.    This Defendant failed to provide safe, adequate barriers from stormwater *; and

26.8.    This Defendant failed to pump down stormwater storage basins, sewers and/or structures.

27. These same defects existed within the Chicago City Watershed and were known to the Defendants in the Chicago City Watershed *.

**II.D. TEMPORARY REMEDIES KNOWN**

28. The Metropolitan Water Reclamation District of Greater Chicago owns, operates and controls the Tunnel and Reservior Plan ("TARP") tunnels and reservoirs which is commonly known as the "Deep Tunnel".

29. Since the commencement of the operation of the Tunnel and Reservior Plan ("TARP") no later than 2006, the Reclamation District has adopted a policy of pumping out the TARP tunnels and reservoirs before each rainfall if the rainfall poses a substantial risk of causing sewer water invasions.

30. The purpose of the Reclamation District's TARP Pump Out Policy is to maximize the capacity to store stormwater within the TARP tunnels and reservoirs during a rainfall.

31. For example, on or about **April 15 and/or April 16, 2013**, the Reclamation District began to pump out and did pump out sewer water collected in its TARP tunnels and reservoirs with knowledge that the known, approaching rainfall on or about **April 17 and/or April 18, 2013** would cause more sewer water invasions into the Plaintiff Class' properties than would otherwise occur.

32. This Defendant could have remedied these stormwater sewer system(s) defects by pre-rainfall proper operation of the stormwater sewer system(s) including but not limited to the following operational practices that would temporarily increase and control stormwater storage:

    32.1.    Temporarily increasing existing stormwater storage and/or conveyance capacity by pre-rain pumping out and pumping down stormwater storage and/or conveyance structures;

    32.2.     Temporarily increasing existing stormwater basin storage capacity by pre-staging activities such as pre-rain installation of water-inflatable property protection systems; and/or

    32.3.     Temporarily increasing existing conveyance capacity by pre-staging activities such as pre-rain installation of water-inflatable property protection systems

33. These temporary remedies are cost-effective in terms of a benefit-cost analysis because the cost of implementing one or more of these remedies is substantially and materially less than the damages suffered by the Plaintiff Class for each rainfall and the frequency of these temporary actions is on a frequency of about once each per year for a period of a few days.

## II.E. CLIMATE CHANGE

34. During the past 40 years, climate change in MCHENRY County has caused rains to be of greater volume, greater intensity and greater duration than pre-1970 rainfall history evidenced, rendering the rainfall frequency return tables employed by the Reclamation District and each Named Municipal Defendant inaccurate and obsolete.

35. In or around 2008, the Reclamation District, the County of Cook, the City of Chicago and other Municipalities adopted the scientific principle that climate change has caused increases in rain fall amount, intensity and duration during a rain in the MCHENRY County as evidenced by their adoption of the Chicago Climate Action Plan.

    35.1.     Said CCAP is not an "instrument" within the meaning of 735 ILCS 5/2-606.

    35.2.     Said CCAP is too voluminous to attach exceeding 100 pages and its attachment would only burden this record and affect the ability of this pleading to be a "short and concise statement" per 735 ILCS 5/2-603.

---

FARMERS V. MCHENRY COUNTY-ORIGINAL COMPLAINT-140416    PAGE 10

35.3.    The CCAP was and is publicly available on the www.ChicagoActionPlan.org

Website.

36. This Defendant knew or should have known that climate change in MCHENRY County has

resulted in greater rain fall volume, greater rainfall intensity and greater rainfall duration than

pre-1970 rainfall history evidenced, resulting in greater stormwater runoff from a rainfall with

MCHENRY County and its Watersheds.

37. This Defendant knew that, because of climate change causing increased rainfall, this defendant

had to increase stormwater storage capacity of its stormwater sewer system(s) to prevent sewer

water invasions.

## II.F. APPROACHING APRIL 17 AND/OR APRIL 18, 2013 RAINFALL

38. On or about the days before April 17 and/or April 18, 2013, including on April 17, 2013 and

April 18, 2013, this Defendant knew or should have known that the Occurrence rainfall was

approaching MCHENRY County Watersheds.

39. This Defendant had adequate time and opportunity to plan, pre-stage and take other actions

before the Occurrence rainfall to maximize stormwater storage and/or transportation capacity

within its stormwater sewer system(s) and sanitary water sewer system(s).

## II.G. FAILURE TO IMPLEMENT REASONABLE PRE-STORM PRACTICES

40. During (a) the pre-rainfall staging period including on or about April 15 and/or April 16, 2013,

(b) the rainfall on or about April 17 and/or April 18, 2013 and (c) after the rainfall on or about

the Occurrence Date, this defendant failed to adopt and/or implement policies which would

maximize the stormwater storage capacity of its stormwater sewers and sanitary water sewers

so as to prevent injury to Members of the Plaintiff' Class *.

41. Specifically, (a) during the pre-rainfall staging period including on or about April 15 and/or April 16, 2013 during which the Reclamation District commenced the pump out and pump down of the TARP tunnels and reservoirs, (b) during the rainfall on or about April 17 and/or April 18, 2013, and (c) after the rainfall on or about April 17 and/or April 18, 2013, this Defendant failed to adopt and/or implement any of the following specific actions to safely manage stormwater including safely managing stormwater sewer system(s) and sanitary water sewer system(s) to prevent sewer water invasions onto and/or into Members of the Plaintiff Class' properties *:

41.1.    This Defendant failed to provide safe, adequate mitigation storage for stormwater to prevent stormwater invasions such as through the use of quickly water-inflatable property protection systems, sandbags or other quick solutions to increase mitigation storage; for example, the City of Des Plaines deployed quick water-inflatable property protection systems on occasions before this Occurrence *;

41.2.    This Defendant failed to provide safe, adequate stormwater control storage for stormwater including but not limited to raising the banks such as through the use of quickly water-inflatable property protection systems, sandbags or other quick solutions to increase stormwater control storage for retention basins, detention basins and other stormwater storage structures within the watershed, subwatershed, and/or stormwater sewer system; e.g., the City of Des Plaines deployed quick water-inflatable property protection systems on occasions before this Occurrence for stormwater protection *;

41.3.    Relating to each discharge culvert in a retention basin(s), a detention basin(s), and/or another stormwater storage structure(s), this Defendant (a) failed to attenuate stormwater flows through the discharge culverts through the use of sandbags or other

temporary systems, (b) failed to temporary raise the discharge elevation of the culvert(s) through sandbags or other temporary systems and/or (c) failed to block the stormwater flows through the discharge culvert(s) through the use of sandbags, flapgates or other temporary or adjustable gates and/or systems * ;

41.4. This Defendant failed to provide safe, adequate **mitigation** conveyance for stormwater including but not limited to using quickly inflatable property protection systems such as the systems used by the City of Des Plaines or similar systems to increase the banks of channels and/or streams for safe conveyance of stormwater *;

41.5. This Defendant failed to provide safe, adequate **stormwater** conveyance for stormwater including but not limited to using quickly inflatable property protection systems such as the systems used by the City of Des Plaines or similar systems to increase the banks of channels and/or streams for safe conveyance of stormwater *;

41.6. This Defendant failed to provide safe, adequate stormwater barriers such as temporary stormwater-protection walls and/or stormwater-protection levees to protect Members of the Plaintiff Class' properties from stormwater including but not limited to using quickly inflatable property protection systems such as the systems used by the City of Des Plaines or similar systems to increase the banks of channels and/or streams for safe conveyance of stormwater *; and/or

41.7. This Defendant failed to pump down and/or pump out stormwater storage basins, sewers and/or structures before and/or during the rain *.

42. Each of these actions would have a benefit to cost ratio greater than 1 because the dollar benefits from the temporary action in terms of prevented damage to members of the Plaintiff Class exceeds the dollar cost to this Defendant of the temporary action.

43. It is socially useful to require each of these actions to prevent sewer water invasions because these actions protect the health, safety and welfare of members of the Plaintiffs' Class from sewer water.

## II.H. APRIL 17 AND/18, 2013 RAINFALL

44. On or about April 17 and/or April 18, 2013, rain fell over the MCHENRY County Watersheds.

45. The rain which fell on April 17 and/or April 18, 2013 was: (a) reasonably manageable by this Defendant, (b) was an ordinary rainfall in the experience of this Defendant and the historical experience of the MCHENRY County, (c) was a reasonably foreseeable rainfall based upon the previously experiences by this Defendant within the MCHENRY County Watershed and (d) was not an "Act of God" rainfall unknown to and/or unexperienced by this Defendant.

46. This rainfall fall was within the 100 year rainfall return frequency promulgated by the Reclamation District.

46.1.    Alternatively, this rainfall was within the climate-change adjusted 100 year rainfall return frequency relating to the Chicago Climate Action Plan.

47. If this Defendant had adopted reasonable stormwater management practices, the sewer water invasions suffered by members of the Plaintiff Class would not have occurred.

48. During and/or after this rainfall, this Defendant invaded its members of Plaintiff' Class with sewer water when this Defendant failed to take reasonable action to prevent excess accumulations of stormwater and/or sanitary water from invading its Members of the Plaintiff Class' properties.

49. During the rainfall on the Occurrence date, this Defendant's tortious act or omission combined with the known defects in its stormwater sewer system(s) and/or sanitary sewer water system(s) to cause sewer water invasions into and/or onto properties of Members of the Plaintiff' Class.

## III: COMMON LEGAL AVERMENTS AS TO ALL MUNICIPAL DEFENDANTS

## III.A FIRST COUNT: 745 ILCS §3-102(A) NEGLIGENT MAINTENANCE LIABILITY

50. The preceding paragraphs are incorporated herein by reference.

51. As used in this Complaint, "First Count" means a cause of action against each Defendant based upon 745 ILCS §ILCS §3-102(A) for negligent maintenance and operation of its sewer system(s) as set forth in this Part III.A. herein. All averments in this Part III.A. are incorporated into each "First Count" against each individual Defendant set out later in this Complaint.

52. This Municipal Defendant's stormwater sewer system(s) and/or sanitary sewer systems was and is "property" within the meaning of 745 ILCS§ 10/3-102(a).

53. The sewer water in this Municipal Defendant's sewer system was and is "property" within the meaning of 745 ILCS§ 10/3-102(a).

54. This Municipal Defendant was under a duty to safely and properly maintain and operate its sewer properties under 745 ILCS §3-102(a) which provides in part:

> Sec. 3-102. (a) Except as otherwise provided in this Article, **a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition** for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, …

55. This Municipal Defendant owed the foregoing duties to members of the Plaintiffs' Class because members of the Plaintiff Class are serviced by this Municipal Defendant's sewers. Based upon prior sewer water invasions, this Defendant knew that members of the Plaintiff

Class would be foreseeably injured by breaches of these statutory duties because invading sewer water from this Municipal Defendant's stormwater sewer system(s) and sanitary sewer water(s) into Members of the Plaintiff s' homes and other buildings posed a known risk to the health, safety and welfare of its members of the Plaintiffs and their properties.

56. This Municipal Defendant owed this duty for safe operation under §3-102(a) relating to this Municipal Defendant's stormwater basins, stormwater storage structures and stormwater conveyance structures and/or sanitary water sewer(s) and/or sanitary water sewer structure(s) owned, operated and/or controlled by this Defendant.

57. This Defendant had actual or constructive notice of the existence of sewer defects based upon prior sewer water invasions, prior investigations of sewer water invasions, prior studies of this Defendant's sewer system(s) and/or the Reclamation District's Detailed Watershed Plans.

58. The likelihood and magnitude of the potential danger of its failure to properly manage stormwater and/or sanitary sewer water was foreseeable and greatly outweighed the practicability and cost of proper management of its sewers.

59. Notwithstanding this statutory duty and constructive notice of the consequences of failing to perform its statutory duty, this Defendant negligently breached this general duty to properly maintain the stormwater sewer systems and/or sanitary water sewer system(s) by the following conduct *:

59.1.    This Defendant failed to provide safe, adequate mitigation storage for stormwater to prevent stormwater invasions such as through the use of quickly water-inflatable property protection systems, sandbags or other quick solutions to increase mitigation storage; for example, the City of Des Plaines deployed quick water-inflatable property protection systems on occasions before this Occurrence *;

FARMERS V. MCHENRY COUNTY-ORIGINAL COMPLAINT-140416    PAGE 16

59.2.    This Defendant failed to provide safe, adequate stormwater control storage for stormwater including but not limited to raising the banks such as through the use of quickly water-inflatable property protection systems, sandbags or other quick solutions to increase stormwater control storage for retention basins, detention basins and other stormwater storage structures within the watershed, subwatershed, and/or stormwater sewer system; e.g., the City of Des Plaines deployed quick water-inflatable property protection systems on occasions before this Occurrence for stormwater protection *;

59.3.    Relating to each discharge culvert in a retention basin(s), a detention basin(s), and/or another stormwater storage structure(s), this Defendant (a) failed to attenuate stormwater flows through the discharge culverts through the use of sandbags or other temporary systems, (b) failed to temporary raise the discharge elevation of the culvert(s) through sandbags or other temporary systems and/or (c) failed to block the stormwater flows through the discharge culvert(s) through the use of sandbags, flapgates or other temporary or adjustable gates and/or systems * ;

59.4.    This Defendant failed to provide safe, adequate **mitigation** conveyance for stormwater including but not limited to using quickly inflatable property protection systems such as the systems used by the City of Des Plaines or similar systems to increase the banks of channels and/or streams for safe conveyance of stormwater *;

59.5.    This Defendant failed to provide safe, adequate **stormwater** conveyance for stormwater including but not limited to using quickly inflatable property protection systems such as the systems used by the City of Des Plaines or similar systems to increase the banks of channels and/or streams for safe conveyance of stormwater *;

59.6.     This Defendant failed to provide safe, adequate stormwater barriers such as temporary stormwater-protection walls and/or stormwater-protection levees to protect member of the Plaintiff Class' properties from stormwater including but not limited to using quickly inflatable property protection systems such as the systems used by the City of Des Plaines or similar systems to increase the banks of channels and/or streams for safe conveyance of stormwater *; and/or

59.7.     This Defendant failed to pump down and/or pump out stormwater storage basins, sewers and/or structures before and/or during the rain *.

60. As a cause-in-fact of one or more of these breaches, this Defendant caused in fact its Plaintiff Class to be damaged by this Defendant's foregoing breaches because, but for this Defendant's failures to properly manage storm sewer water and/or sanitary sewer water as set forth above, this Defendant's sewer water would not have escaped from this Defendant's sewer(s) and invaded properties of members of the Plaintiff Class from the stormwater sewer(s) and/or sanitary sewer(s) under this Defendant's exclusive ownership, operation and/or control on the Occurrence Date.

61. As a proximate cause of one or more of these breaches, this Defendant proximately caused its members of the Plaintiff Class to be damaged by the foregoing breaches of its duties because one or more of these breaches was and/or were the direct, immediate, substantial and material causes of excess accumulations of stormwater and/or sanitary water escaping from this Defendant's sewers and ,then, invading from this Defendant's sewers into the properties of members of the Plaintiff Class whose properties were serviced by this Defendant's sewers on the Occurrence Date.

62. This Defendant's members of the Plaintiff Class were immediately and directly damaged as a proximate cause of this Municipal Defendant's acts and omissions as set forth in the "Damage Section" set out later herein and incorporated herein by reference.

Wherefore, the Plaintiffs request the relief against this Defendant set forth in the Relief Sections.

## III.B. SECOND COUNT AS TO EACH MUNICIPAL DEFENDANT: 745 ILCS §3-103(A) FAILURE TO REMEDY KNOWN DANGEROUS CONDITIONS

63. The preceding paragraphs are incorporated herein by reference.

64. As used in this Complaint, "**Second Count**" means a cause of action against each Defendant based upon 745 ILCS §ILCS §3-103(A) for negligent failure to remedy known dangerous sewer condition(s) as set forth in this Part III.B. herein. All averments in this Part III.B. are incorporated into each "**Second Count**" against each individual Defendant set out later in this Complaint.

65. This Municipal Defendant's stormwater sewer system(s) and/or sanitary sewer systems was "property" is used within the meaning of 745 ILCS§ 10/3-102(a).

66. The sewer water in this Municipal Defendant's sewer system was and is "property" within the meaning of 745 ILCS§ 10/3-103(a).

67. Prior to the Occurrence, this Municipal Defendant had constructed a stormwater sewer system(s) and/or sanitary water sewer system(s).

68. This Municipal Defendant knew that its existing constructed stormwater sewer system(s) and/or sanitary water sewer system(s) created unreasonable dangerous conditions to members of the Plaintiff Class as sewer water invasions frequently resulted from the operation of this Municipal Defendant's stormwater sewer system(s) and/or sanitary sewer water(s) into members of the Plaintiffs' Class properties which were serviced by this Municipal Defendant's

sewers *.

69. This Municipal Defendant was under a duty to remedy an unsafe condition arising after the execution of this Municipal Defendant's construction plan relating to stormwater sewer system(s) and/or sanitary water sewer system(s) sewer water invasions into members of the Plaintiff Class' homes, buildings and properties under 745 ILCS Sec. 3-103(a):

Sec. 3-103. (a) A local public entity is not liable under this Article for an injury caused by the adoption of a plan or design of a construction of, or an improvement to public property where the plan or design has been approved in advance of the construction or improvement by the legislative body of such entity or by some other body or employee exercising discretionary authority to give such approval or where such plan or design is prepared in conformity with standards previously so approved. **The local public entity is liable, however, if after the execution of such plan or design it appears from its use that it has created a condition that it is not reasonably safe.**

70. Despite the Detailed Watershed Plan and/or other municipal reports detailing this Municipal Defendant's known defects causing sewer water invasions, this Municipal Defendant failed to remedy these known defects *.

71. This Defendant owed to members of the Plaintiffs' Class whom properties were serviced by this Defendant's sewers a duty as these Plaintiffs would be foreseeably injured by breach of these statutory duties because invading sewer water from this Defendant's stormwater sewer system(s) and sanitary sewer water(s) into these Plaintiffs' homes and other buildings posed a known risk to the health, safety and welfare of these Plaintiffs' properties.

72. This Municipal Defendant owed this duty under §3-103(a) as to all stormwater basins, stormwater storage structures and stormwater conveyance structures owned, operated and/or controlled by this Municipal Defendant.

73. This Defendant breached this duty to properly maintain the stormwater sewer systems and/or sanitary water sewer facilities by the following conduct *:

73.1.    This Defendant failed to provide safe, adequate mitigation storage for stormwater to prevent stormwater invasions such as through the use of quickly water-inflatable property protection systems, sandbags or other quick solutions to increase mitigation storage; for example, the City of Des Plaines deployed quick water-inflatable property protection systems on occasions before this Occurrence *;

73.2.    This Defendant failed to provide safe, adequate stormwater control storage for stormwater including but not limited to raising the banks such as through the use of quickly water-inflatable property protection systems, sandbags or other quick solutions to increase stormwater control storage for retention basins, detention basins and other stormwater storage structures within the watershed, subwatershed, and/or stormwater sewer system; e.g., the City of Des Plaines deployed quick water-inflatable property protection systems on occasions before this Occurrence for stormwater protection *;

73.3.    Relating to this discharge culvert in a retention basin(s), a detention basin(s), and/or another stormwater storage structure(s), this Defendant (a) failed to attenuate stormwater flows through the discharge culverts through the use of sandbags or other temporary systems, (b) failed to temporary raise the discharge elevation of the culvert(s) through sandbags or other temporary systems and/or (c) failed to block the stormwater flows through the discharge culvert(s) through the use of sandbags, flapgates or other temporary or adjustable gates and/or systems * ;

73.4.    This Defendant failed to provide safe, adequate mitigation conveyance for stormwater including but not limited to using quickly inflatable property protection systems such as the systems used by the City of Des Plaines or similar systems to increase the banks of channels and/or streams for safe conveyance of stormwater *;

---

73.5.    This Defendant failed to provide safe, adequate stormwater conveyance for stormwater including but not limited to using quickly inflatable property protection systems such as the systems used by the City of Des Plaines or similar systems to increase the banks of channels and/or streams for safe conveyance of stormwater *;

73.6.    This Defendant failed to provide safe, adequate stormwater barriers such as temporary stormwater-protection walls and/or stormwater-protection levees to protect members of Plaintiff Class properties from stormwater including but not limited to using quickly inflatable property protection systems such as the systems used by the City of Des Plaines or similar systems to increase the banks of channels and/or streams for safe conveyance of stormwater *; and/or

73.7.    This Defendant failed to pump down and/or pump out stormwater storage basins, sewers and/or structures before and/or during the rain *.

74. This Defendant caused in fact damage to member of the Plaintiffs' Class by the foregoing breaches because, but for these failures to properly manage storm sewer water and/or sanitary sewer water, sewer water would not have invaded members of Plaintiff Class properties from the stormwater sewer(s) and/or sanitary sewer(s) under this Defendant's exclusive ownership, operation and/or control.

75. This Defendant proximately caused members of the Plaintiffs' Class damages by the foregoing breaches because these breaches were the direct and immediate cause of excess accumulations of stormwater and/or sanitary water to escape from the control of this Defendant and to escape from this Defendant's sewer system(s) and, then, to invade from this Defendant's sewers into the Plaintiff Class Members' properties on the Occurrence Date.

76. Members of the Plaintiff Class were immediately and directly damaged as a proximate cause

of this Municipal Defendant's acts and omissions as set forth in the "Damage Section"

recited later herein and incorporated herein by reference.

Wherefore, the Plaintiffs request the relief against this Defendant set forth in the Relief Sections.

## III.C. THIRD COUNT: VIOLATION OF ILLINOIS CONSTITUTION ART. I, SEC. 15 AND FIFTH AMENDED TO THE U.S. CONSTITUTION

77. The preceding paragraphs are incorporated herein.

78. As used in this Complaint, **"Third Count"** means a cause of action against each Defendant based upon a violations of the Taking Clause of the Illinois Constitution being Article I, Section 15 and the Taking Clause set forth in the Fifth Amendment to the United States Constitution as set forth in this **Part III.C.** herein. All averments in this **Part III.C.** are incorporated into each **"Third Count"** against each individual Defendant set out later in this Complaint.

79. On the Occurrence Date, this Defendant's members of the Plaintiff Class suffered a direct encroachment upon their real properties when stormwater and/or sewer water invaded their real properties from this Defendant's sewers and subjected Plaintiffs' real properties including residences and other buildings to a public use as retention basins and/or detention basins of this Defendant's stormwater and/or sewer water.

80. On the Occurrence Date, this Defendant's sewer water invasions into its members of the Plaintiffs' Class homes and properties excluded or restricted the Plaintiff Class' dominion and control over their real properties including their residences and homes and personal properties.

81. Illinois Constitution Art. I, Sec. 15, entitled "Taking of Real and Personal Property" and the Fifth Amendment to the United States Constitution prohibit the taking of private property for public use without payment of just compensation to the citizen whose property was taken.

82. Pursuant to the Illinois and United States Constitution, this Defendant was under a duty to provide just compensation for this Defendant's taking of its members of the Plaintiff Class' real and personal property including residences, buildings, other real property and personal property.

83. As to this Defendant, this Defendant's members of the Plaintiffs' Class are parties beneficially interested to maintain this action because they are entitled to just compensation from this Defendant relating to this Defendant's Taking of Plaintiffs' real and personal property by this Defendant's discharge of sewer water into and/onto the properties of its members of the Plaintiffs' Class.

84. Because stormwater and/or sanitary water from this Defendant's properties invaded its members of the Plaintiff Class, these physical stormwater and sanitary water overflows and invasions into its members of the Plaintiff Class' homes, residences and properties was for a public use: specifically, this Defendant took and appropriate the its Plaintiffs' properties for use as retention basins, detention basins and/or other storage structures of this Defendant stormwater and/or sanitary water.

85. By these acts of public use and appropriation for public use of its Plaintiffs' properties as sewer water basins for this Defendant's sewer water, this Defendant unjustifiably and unlawfully, interfered, hindered, and prevented Plaintiffs from their exclusive right to use Plaintiffs' properties for their intended purposes and use as guaranteed by the Illinois and the United States Constitution.

86. The repeated presence of this Defendant's accumulated water in its Plaintiffs' properties and the ongoing threat during rainfalls of the significant risk of additional invasions has resulted in a permanent and substantial interference with its Plaintiffs' use and enjoyment of their real properties and personal properties including but not limited to a permanent and substantial reduction if not total destruction of the market value of its Plaintiffs' real and personal property including their homes and buildings.

87. This Defendant took its members of the Plaintiff Class' homes, other real property and personal property without just compensation in violation these provisions of the Illinois and U.S. Constitution. Despite these destructive sewer water invasions, Plaintiffs have not received just compensation for this substantial interference of their real properties and personal properties.

88. This Defendant has proximately caused damage to the Plaintiffs' real properties including their homes and other buildings and personal properties as these properties became partially and/or totally uninhabitable and/or usable as a result of this Defendant's actions and/or inactions as set forth herein resulting in sewer water invasions into the Plaintiffs' real properties including homes and buildings and personal property on the Occurrence Date.

89. The Plaintiffs request the damages set forth in the Damage Section herein.

Wherefore, the Plaintiffs request the relief against this Defendant set forth in the Relief Sections.

## IV. DAMAGES

90. These sewer water invasions were so rapid that this Defendant's members of the Plaintiffs' Class were not able to protect their properties from the sewer water invasions.

91. These sewer water invasions were so rapid that this Defendant's members of the Plaintiffs' Class including elderly men and women and young children were forced to evacuate parts or all of their homes because of safety concerns arising from these sewer water invasions.

92. Many sanitary sewer water invasions from this Defendant's sanitary sewers were so rapid that geysers of sewer water shot out from floor drains, toilets, showers and other basement floor openings in members of the Plaintiffs' Class.

93. As a direct and proximate result of the foregoing *sudden, dangerous and calamitous occurrences* damaging this Defendant's members of the Plaintiffs' Class, its Plaintiff Class' homes, residences, other real property and personal property were invaded by sewer water from this Defendant's sewers and its Plaintiffs suffered the following damages set forth for purposes of description but not limitation and including, but not limited to:

    93.1.    The insurer members of this Plaintiff Class paid monies to their insureds for emergency restoration and remediation of sewer water contaminated homes of their insureds; and/or

    93.2.    The insurer members of the Plaintiff Class paid monies to the insureds based upon damage to the real properties of their insureds; and/or

    93.3.    The insurer members of the Plaintiff Class paid monies to the insureds based upon damage to the personal properties of their insureds; and/or

    93.4.    The insurer members of the Plaintiff Class paid monies to the insurer's business insureds based upon loss of income, loss of profits and/or other economic damages under business interruption provisions of the insurors' insurance policies; and/or

    93.5.    Members of the Plaintiff Class incurred evacuation costs relating to evacuation from their homes; and/or

93.6.    Members of the Plaintiffs' Class sustained uninsured losses to their real properties

due to contact with the sewer waters which damaged the interior finishes of their homes

and buildings including but not limited to damage to interior walls consisting of drywall

or other wall finishes, wall partitions, flooring and/or ceilings and other parts of their real

property; and/or

93.7.    Members of the Plaintiffs' Class sustained uninsured losses for damages to their

personal properties including but not limited to furniture, home electronics, clothing

and/or other items of personal property; and/or

93.8.    Members of the Plaintiffs' Class sustained uninsured losses relating to out-of-

pocket costs and expended substantial amounts of time, effort and money for Plaintiffs to

clean their homes, residences, properties and/or vehicles due to the conditions caused by

the sewer water invasions into their residences, properties and/or vehicles; and/or

93.9.    Members of the Plaintiffs' Class have significantly reduced and/or destroyed

market value of their homes, residences and properties due to these sewer water invasions;

and/or

93.10.    Members of the Plaintiffs' Classes have sustained other economic losses.

## V. RELIEF AS TO THIS DEFENDANT

Wherefore, this Defendant's members of the Plaintiffs Class seek the following relief against

this Defendant:

A. The award of compensatory damages against this Defendant as to its members of the

Plaintiffs' Class in excess of the jurisdictional minimum of this Court; and

B. Such other relief to which this Defendant's members of the Plaintiffs' Class may be entitled

**1. Claims Against County of McHenry**

94. As used for these claims, "this Defendant" means County of McHenry .

95. The Plaintiffs incorporate by reference the preceding paragraphs.

96. Incorporating Part III.A. herein, the **First Count** against this Defendant is for breach of 745 ILSC §3-102(a) because this Defendant breached its duty to its Plaintiffs to safely maintain and operate its stormwater sewer(s) and/or sanitary sewer(s), proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

97. Incorporating **Part III.B.** herein, the **Second Count** against this Defendant is for breach of 745 ILSC §3-103(a) because this Defendant breached its duty to its Plaintiffs to remedy sewer defects which created unreasonable safe conditions hazardous to its Plaintiffs, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

98. Incorporating **Part III.C.**, the **Third Count** against this Defendant is for violations of the Taking Clause of the Illinois Constitution, being Article I, Section 15, and the Taking Clause of the United States Constitution, being the Fifth Amendment, because this Defendant misappropriated its Plaintiffs' properties for a public use as this Defendant's sewer water retention and/or detention basins without just compensation, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiffs' Subclass on the Occurrence Date.

Wherefore, the members of this Defendant's Plaintiff Subclass who own and/or insured property within this Defendant's jurisdiction requests the Relief set forth herein against this Defendant.

**2. Claims Against City of Crystal Lake**

99. As used for these claims, "this Defendant" means City of Crystal Lake .

100.    The Plaintiffs incorporate by reference the preceding paragraphs.

101.    Incorporating Part **III.A.** herein, the **First Count** against this Defendant is for breach of 745 ILSC §3-102(a) because this Defendant breached its duty to its Plaintiffs to safely maintain and operate its stormwater sewer(s) and/or sanitary sewer(s), proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

102.    Incorporating **Part III.B.** herein, the **Second Count** against this Defendant is for breach of 745 ILSC §3-103(a) because this Defendant breached its duty to its Plaintiffs to remedy sewer defects which created unreasonable safe conditions hazardous to its Plaintiffs, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

103.    Incorporating **Part III.C.**, the **Third Count** against this Defendant is for violations of the Taking Clause of the Illinois Constitution, being Article I, Section 15, and the Taking Clause of the United States Constitution, being the Fifth Amendment, because this Defendant misappropriated its Plaintiffs' properties for a public use as this Defendant's sewer water retention and/or detention basins without just compensation, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiffs' Subclass on the Occurrence Date.

Wherefore, the members of this Defendant's Plaintiff Subclass who own and/or insured property within this Defendant's jurisdiction requests the Relief set forth herein against this Defendant

### 3. Claims Against City of Woodstock

104.    As used for these claims, "this Defendant" means City of Woodstock .

105.    The Plaintiffs incorporate by reference the preceding paragraphs.

106.    Incorporating Part III.A. herein, the **First Count** against this Defendant is for breach of 745 ILSC §3-102(a) because this Defendant breached its duty to its Plaintiffs to safely maintain and operate its stormwater sewer(s) and/or sanitary sewer(s), proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

107.    Incorporating **Part III.B. herein, the Second Count** against this Defendant is for breach of 745 ILSC §3-103(a) because this Defendant breached its duty to its Plaintiffs to remedy sewer defects which created unreasonable safe conditions hazardous to its Plaintiffs, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

108.    Incorporating **Part III.C., the Third Count** against this Defendant is for violations of the Taking Clause of the Illinois Constitution, being Article I, Section 15, and the Taking Clause of the United States Constitution, being the Fifth Amendment, because this Defendant misappropriated its Plaintiffs' properties for a public use as this Defendant's sewer water retention and/or detention basins without just compensation, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiffs' Subclass on the Occurrence Date.

Wherefore, the members of this Defendant's Plaintiff Subclass who own and/or insured property within this Defendant's jurisdiction requests the Relief set forth herein against this Defendant.

4. Claims Against Village of Algonquin

109.    As used for these claims, "this Defendant" means Village of Algonquin .

110.    The Plaintiffs incorporate by reference the preceding paragraphs.

111.    Incorporating Part III.A. herein, the **First Count** against this Defendant is for breach of 745 ILSC §3-102(a) because this Defendant breached its duty to its Plaintiffs to safely maintain and operate its stormwater sewer(s) and/or sanitary sewer(s), proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

112.    Incorporating **Part III.B.** herein, the **Second Count** against this Defendant is for breach of 745 ILSC §3-103(a) because this Defendant breached its duty to its Plaintiffs to remedy sewer defects which created unreasonable safe conditions hazardous to its Plaintiffs, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

113.    Incorporating Part III.C., the **Third Count** against this Defendant is for violations of the Taking Clause of the Illinois Constitution, being Article I, Section 15, and the Taking Clause of the United States Constitution, being the Fifth Amendment, because this Defendant misappropriated its Plaintiffs' properties for a public use as this Defendant's sewer water retention and/or detention basins without just compensation, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiffs' Subclass on the Occurrence Date.

Wherefore, the members of this Defendant's Plaintiff Subclass who own and/or insured property within this Defendant's jurisdiction requests the Relief set forth herein against this Defendant.

5. Claims Against Village of Island Lake

114.   As used for these claims, "this Defendant" means Village of Island Lake .

115.   The Plaintiffs incorporate by reference the preceding paragraphs.

116.   Incorporating Part III.A. herein, the **First Count** against this Defendant is for breach of 745 ILSC §3-102(a) because this Defendant breached its duty to its Plaintiffs to safely maintain and operate its stormwater sewer(s) and/or sanitary sewer(s), proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

117.   Incorporating **Part III.B.** herein, the **Second Count** against this Defendant is for breach of 745 ILSC §3-103(a) because this Defendant breached its duty to its Plaintiffs to remedy sewer defects which created unreasonable safe conditions hazardous to its Plaintiffs, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

118.   Incorporating **Part III.C.**, the **Third Count** against this Defendant is for violations of the Taking Clause of the Illinois Constitution, being Article I, Section 15, and the Taking Clause of the United States Constitution, being the Fifth Amendment, because this Defendant misappropriated its Plaintiffs' properties for a public use as this Defendant's sewer water retention and/or detention basins without just compensation, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiffs' Subclass on the Occurrence Date.

Wherefore, the members of this Defendant's Plaintiff Subclass who own and/or insured property within this Defendant's jurisdiction requests the Relief set forth herein against this Defendant.

6. Claims Against Village of Lake in the Hills

119.   As used for these claims, "this Defendant" means Village of Lake in the Hills .

120.   The Plaintiffs incorporate by reference the preceding paragraphs.

121.   Incorporating Part **III.A.** herein, the **First Count** against this Defendant is for breach of 745 ILSC §3-102(a) because this Defendant breached its duty to its Plaintiffs to safely maintain and operate its stormwater sewer(s) and/or sanitary sewer(s), proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

122.   Incorporating **Part III.B.** herein, the **Second Count** against this Defendant is for breach of 745 ILSC §3-103(a) because this Defendant breached its duty to its Plaintiffs to remedy sewer defects which created unreasonable safe conditions hazardous to its Plaintiffs, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

123.   Incorporating Part **III.C.**, the **Third Count** against this Defendant is for violations of the Taking Clause of the Illinois Constitution, being Article I, Section 15, and the Taking Clause of the United States Constitution, being the Fifth Amendment, because this Defendant misappropriated its Plaintiffs' properties for a public use as this Defendant's sewer water retention and/or detention basins without just compensation, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiffs' Subclass on the Occurrence Date.

Wherefore, the members of this Defendant's Plaintiff Subclass who own and/or insured property within this Defendant's jurisdiction requests the Relief set forth herein against this Defendant.

7. Claims Against City of McHenry

124. As used for these claims, "this Defendant" means City of McHenry .

125. The Plaintiffs incorporate by reference the preceding paragraphs.

126. Incorporating Part III.A. herein, the **First Count** against this Defendant is for breach of 745 ILSC §3-102(a) because this Defendant breached its duty to its Plaintiffs to safely maintain and operate its stormwater sewer(s) and/or sanitary sewer(s), proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

127. Incorporating Part III.B. herein, the **Second Count** against this Defendant is for breach of 745 ILSC §3-103(a) because this Defendant breached its duty to its Plaintiffs to remedy sewer defects which created unreasonable safe conditions hazardous to its Plaintiffs, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

128. Incorporating Part III.C., the **Third Count** against this Defendant is for violations of the Taking Clause of the Illinois Constitution, being Article I, Section 15, and the Taking Clause of the United States Constitution, being the Fifth Amendment, because this Defendant misappropriated its Plaintiffs' properties for a public use as this Defendant's sewer water retention and/or detention basins without just compensation, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiffs' Subclass on the Occurrence Date.

Wherefore, the members of this Defendant's Plaintiff Subclass who own and/or insured property within this Defendant's jurisdiction requests the Relief set forth herein against this Defendant.

9. Claims Against Village of Fox River Grove

129.    As used for these claims, "this Defendant" means Village of Fox River Grove .

130.    The Plaintiffs incorporate by reference the preceding paragraphs.

131.    Incorporating Part III.A. herein, the **First Count** against this Defendant is for breach of 745 ILSC §3-102(a) because this Defendant breached its duty to its Plaintiffs to safely maintain and operate its stormwater sewer(s) and/or sanitary sewer(s), proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

132.    Incorporating **Part III.B.** herein, the **Second Count** against this Defendant is for breach of 745 ILSC §3-103(a) because this Defendant breached its duty to its Plaintiffs to remedy sewer defects which created unreasonable safe conditions hazardous to its Plaintiffs, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

133.    Incorporating Part III.C., the **Third Count** against this Defendant is for violations of the Taking Clause of the Illinois Constitution, being Article I, Section 15, and the Taking Clause of the United States Constitution, being the Fifth Amendment, because this Defendant misappropriated its Plaintiffs' properties for a public use as this Defendant's sewer water retention and/or detention basins without just compensation, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiffs' Subclass on the Occurrence Date.

Wherefore, the members of this Defendant's Plaintiff Subclass who own and/or insured property within this Defendant's jurisdiction requests the Relief set forth herein against this Defendant.

10. Claims Against City of Marengo

134.    As used for these claims, "this Defendant" means City of Marengo .

135.    The Plaintiffs incorporate by reference the preceding paragraphs.

136.    Incorporating Part III.A. herein, the **First Count** against this Defendant is for breach of 745 ILSC §3-102(a) because this Defendant breached its duty to its Plaintiffs to safely maintain and operate its stormwater sewer(s) and/or sanitary sewer(s), proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

137.    Incorporating **Part III.B.** herein, the **Second Count** against this Defendant is for breach of 745 ILSC §3-103(a) because this Defendant breached its duty to its Plaintiffs to remedy sewer defects which created unreasonable safe conditions hazardous to its Plaintiffs, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

138.    Incorporating Part III.C., the **Third Count** against this Defendant is for violations of the Taking Clause of the Illinois Constitution, being Article I, Section 15, and the Taking Clause of the United States Constitution, being the Fifth Amendment, because this Defendant misappropriated its Plaintiffs' properties for a public use as this Defendant's sewer water retention and/or detention basins without just compensation, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiffs' Subclass on the Occurrence Date.

Wherefore, the members of this Defendant's Plaintiff Subclass who own and/or insured property within this Defendant's jurisdiction requests the Relief set forth herein against this Defendant.

11. Claims Against Village of Huntley

139. As used for these claims, "this Defendant" means Village of Huntley .

140. The Plaintiffs incorporate by reference the preceding paragraphs.

141. Incorporating Part III.A. herein, the **First Count** against this Defendant is for breach of 745 ILSC §3-102(a) because this Defendant breached its duty to its Plaintiffs to safely maintain and operate its stormwater sewer(s) and/or sanitary sewer(s), proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

142. Incorporating **Part III.B.** herein, the **Second Count** against this Defendant is for breach of 745 ILSC §3-103(a) because this Defendant breached its duty to its Plaintiffs to remedy sewer defects which created unreasonable safe conditions hazardous to its Plaintiffs, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

143. Incorporating **Part III.C.**, the **Third Count** against this Defendant is for violations of the Taking Clause of the Illinois Constitution, being Article I, Section 15, and the Taking Clause of the United States Constitution, being the Fifth Amendment, because this Defendant misappropriated its Plaintiffs' properties for a public use as this Defendant's sewer water retention and/or detention basins without just compensation, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiffs' Subclass on the Occurrence Date.

Wherefore, the members of this Defendant's Plaintiff Subclass who own and/or insured property within this Defendant's jurisdiction requests the Relief set forth herein against this Defendant.

12. Claims Against City of Harvard

144.    As used for these claims, "this Defendant" means City of Harvard .

145.    The Plaintiffs incorporate by reference the preceding paragraphs.

146.    Incorporating Part III.A. herein, the **First Count** against this Defendant is for breach of 745 ILSC §3-102(a) because this Defendant breached its duty to its Plaintiffs to safely maintain and operate its stormwater sewer(s) and/or sanitary sewer(s), proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

147.    Incorporating **Part III.B.** herein, the **Second Count** against this Defendant is for breach of 745 ILSC §3-103(a) because this Defendant breached its duty to its Plaintiffs to remedy sewer defects which created unreasonable safe conditions hazardous to its Plaintiffs, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

148.    Incorporating **Part III.C.**, the **Third Count** against this Defendant is for violations of the Taking Clause of the Illinois Constitution, being Article I, Section 15, and the Taking Clause of the United States Constitution, being the Fifth Amendment, because this Defendant misappropriated its Plaintiffs' properties for a public use as this Defendant's sewer water retention and/or detention basins without just compensation, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiffs' Subclass on the Occurrence Date.

Wherefore, the members of this Defendant's Plaintiff Subclass who own and/or insured property within this Defendant's jurisdiction requests the Relief set forth herein against this Defendant.

13. Claims Against Village of Cary

149.    As used for these claims, "this Defendant" means Village of Cary.

150.    The Plaintiffs incorporate by reference the preceding paragraphs.

151.    Incorporating Part III.A. herein, the First Count against this Defendant is for breach of 745 ILSC §3-102(a) because this Defendant breached its duty to its Plaintiffs to safely maintain and operate its stormwater sewer(s) and/or sanitary sewer(s), proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

152.    Incorporating Part III.B. herein, the Second Count against this Defendant is for breach of 745 ILSC §3-103(a) because this Defendant breached its duty to its Plaintiffs to remedy sewer defects which created unreasonable safe conditions hazardous to its Plaintiffs, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiff Subclass on the Occurrence Date.

153.    Incorporating Part III.C., the Third Count against this Defendant is for violations of the Taking Clause of the Illinois Constitution, being Article I, Section 15, and the Taking Clause of the United States Constitution, being the Fifth Amendment, because this Defendant misappropriated its Plaintiffs' properties for a public use as this Defendant's sewer water retention and/or detention basins without just compensation, proximately causing sewer water invasions into its Plaintiffs' properties which directly and immediately resulted in property damage to its Plaintiffs' Subclass on the Occurrence Date.

Wherefore, the members of this Defendant's Plaintiff Subclass who own and/or insured property within this Defendant's jurisdiction requests the Relief set forth herein against this Defendant.

## XIV. RELIEF

WHEREFORE, the Plaintiffs request class certification of the classes and subclasses identified in this Complaint, compensatory relief and such other relief as is just and proper against these Defendants.

Date: April 16, 2014

Stuart M. Brody
William J. Sneckenberg
Steven M. Thompson
Sneckenberg, Thompson, Brody
Counsel for Plaintiffs
161 N. Clark Street, Ste. 3575
Chicago, IL 60601
Ph: 312-782-9320
Fx: 312-782-3787
ARCD No. 6203873

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury as to all issues so triable.

Date: April 16, 2014

Stuart M. Brody
William J. Sneckenberg
Steven M. Thompson
Sneckenberg, Thompson, Brody
Counsel for Plaintiffs
161 N. Clark Street, Ste. 3575
Chicago, IL 60601
Ph: 312-782-9320
Fx: 312-782-3787
ARDC No. 6203873

DEM J
**FILED**

## STATE OF ILLINOIS
### IN THE CIRCUIT COURT OF THE 22nd JUDICIAL CIRCUIT
#### McHENRY COUNTY

APR 1 7 2014

KATHERINE M. KEEFE
McHENRY CTY. CIR. CLK.

*Illinois Farmers Insurance*
Plaintiff

vs.

Case Number _14 LA 116_

*County of McHenry*
Defendant

## JURY DEMAND

The undersigned demands a jury trial.

_Stuart M. Brody (NB)_
Signature

Date _April 17, 2011_    20 _14_

Name _Stuart M Brody_

Attorney for _Plaintiff_

Address _161 N. Clark St Suite 3575_

City, State Zip _Chicago, IL, 60601_

Phone _312-782-9320_

CV-JRD1 (Revised 12/01/06)